### J. H. HAM v. HAYWARD LUMBER COMPANY.

#### Decided October 8, 1906.

**Personal Injury—Improper Tools—Negligence of Master—Peremptory Charge.**

In a suit for personal injuries where there was evidence tending to show that the tool by which plaintiff was injured was not a safe tool or apparatus to use for the purpose for which it was provided by the master, that it was insecure and dangerous for that purpose, that complaint of these facts had been made to the representative of the master without effect, that the accident was caused by the improper construction of the tool and that the accident would not have occurred if a proper tool had been used, it was reversible error for the court to instruct a verdict for the defendant, although the evidence for the defendant strongly controverted the foregoing facts.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. James I. Perkins.

*T. B. Lewis* and *Mims & Strong,* for appellant.

*Harry P. Lawther* and *S. M. Adams,* for appellee.

REESE, ASSOCIATE JUSTICE.—J. H. Ham, employed by the Hayward Lumber Company as a common laborer, was engaged in assisting in the erection of a smoke-stack for his employer. His business was to send up from the foot of the smoke-stack sections of the stack, as they were needed, to the men at the top, to be used in building up the stack. One Mullins was engaged in the work at the top of the stack. His business was to assist in "bucking the rivets," that is, to put the bolts and rivets through the holes in the sections of the stack and then to hold a piece of iron, called a "dolly-bar," against the rivets on the

outside, while men on the inside riveted them with hammers. The dolly-bar in use for the work was a piece of iron or steel about 3½ inches wide and about 18 inches long and weighed 40 or 50 pounds. It had a V shaped cut in it about the middle, shaped like this ; which extended about 2-3 of the way through the bar. A rope was tied around the bar by a slip knot, at this cut, which passed through a hook higher up and came down and was tied in the noose or knot around the dolly-bar. This held the dolly-bar in place opposite the rivets against which it was pressed and held by the workman engaged in that work, in the present case, Mullins, while the rivets were fastened with hammers by the men on the inside of the stack. The dolly-bar thus suspended would be above and over the place where Ham was required to work, on the ground, at the foot of the stack. At the time of the accident hereinafter referred to the smoke-stack had been built up about 30 or 40 feet high. The iron used in "bucking the rivets" was not a regular dolly-bar and was simply a piece of iron or steel picked up and used for that purpose. There is such an instrument as a dolly-bar specially made for that purpose, which has a ring in it about where the cut was in this·bar in which the rope is fastened that suspends the bar when in use. The entire apparatus used upon this occasion consisted of the bar of iron, the rope tied around it and the overhead hook upon which the rope was hung.

On the 15th day of October, 1904, while the men employed in erecting the smoke-stack were engaged in the work, J. H. Ham being on the ground, at the foot of the stack, and Mullins at the top of and outside of the stack in a "chair or buggy" placed there for him to sit in while holding the dolly-bar against the rivets, the dolly-bar in some way was loosened from the rope and fell, rebounding and striking Ham on the legs and injuring him. This suit is brought by said Ham, appellant, against the Hayward Lumber Company, appellee, to recover damages for such injuries. It is alleged that the dolly-bar or piece of iron used as such was not a proper tool for the purpose, but was insecure and dangerous to the workmen situated as appellant was; that appellee was negligent in furnishing such a tool and apparatus to work with, and that the falling of the dolly-bar and appellant's consequent injury were proximately caused by the improper and insecure character of the dolly-bar.

Appellee pleaded general denial, contributory negligence and assumed risk, and also negligence of the fellow servants of appellant.

Upon the evidence the court instructed a verdict for appellee, and from the judgment for appellee this appeal is presented. The action of the court in directing a verdict is assigned as error.

The principle of law that the master is required to use ordinary care to furnish for his servants a safe place in which to work and safe tools to work with, and is responsible for the proximate consequences of his failure to do so, is not controverted by appellee, but it is claimed that there was no evidence introduced to authorize the submission of the case to the jury upon the issue that the accident by which appellant was injured was caused by the improper structure of the iron used as a dolly-bar, or the improper and insecure condition of the apparatus being used.

There was evidence tending to show that this dolly-bar was not a safe tool or apparatus to use for the purpose, that it was insecure and dangerous and that complaint had been made to the representative of the master of these facts without effect, other than a direction to continue to use it. There was also evidence which, if true, tended to show that the accident was caused by the improper and insecure construction of the dolly-bar as a tool or implement for the purpose for which it was being used, and would not have occurred if a proper tool had been used. It is true that all of this evidence was strongly controverted by appellee, but we are of the opinion that the evidence introduced on the part of appellant was sufficient to require the submission of the issue to the jury upon proper instructions, and that the court committed error in instructing a verdict for appellee. It is not necessary in this opinion to further discuss the evidence. (Wood's Master and Servant, sec. 405.)

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*